### FRANK BORCHES V. THE STATE.

*No. 224.    Decided February 17.*

1.  Intoxicating Liquors—Gift of, on Election Day—Indictment.—Where an indictment, under article 178 of the Penal Code, for giving away intoxicating liquors on an election day, alleges, "the said day being an election day, in which an election was then and there being held, under and by lawful authority, for the purpose of voting for presidental electors, congressmen, State, district, county, and precinct officers, the same being a general election," etc., *Held,* that the object and purpose for which said election was held is plainly and intelligibly stated beyond any chance of being misunderstood.

2.  Same—Evidence.—On a trial for giving away liquor on election day, the minutes of the Commissioners Court, wherein the county judge orders the election for county and precinct officers, is admissible in evidence.

3.  Same—Judicial Notice.—The trial court may take judicial notice of the fact that at a general election county and precinct officers can be elected.

4.  Verdict—Conflicting Evidence—Practice on Appeal.—On appeal this court will not disturb a verdict based upon evidence which may be conflicting.

APPEAL from the County Court of Donley.    Tried below before Hon. B. H. WHITE, County Judge.

This appeal is from a conviction for giving away intoxicating liquors on a general election day, wherein the punishment was assessed at a fine of $100.

Defendant made a motion to quash the indictment, and among other grounds claimed that it was mainly defective, "because it does not allege, by distinct and positive averment and in plain and intelligible words, the purpose for which the alleged election was being held, nor does it allege any purpose known to and recognized by law."

No further statement necessary.

*Browning & Madden,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—1. Appellant was convicted of giving away intoxicating liquor on November 8, 1892, the day of the general election, and fined in the sum of $100. Appellant moved to quash the nidictment because it did not allege, in intelligible words, the purpose for which the election was being held. The indictment alleges that the intoxicating liquor was given away in the said voting precinct number 2 during the day, "the said day being an election day, in which an election was then and there being held, under and by lawful authority, for the purpose of voting for presidential electors, congressmen, State. district, county and precinct officers, the same being a general election," etc. There is nothing in the objection. If the object and purpose of holding the said election was not that the voters might cast their ballots for their choice for the various officers, it is difficult to understand why it was held.

2. There was no error in admitting the minutes of the Commissioners Court of Donley County, wherein the county judge orders the election for county and precinct officers. Article 1680, Revised Statutes, makes it the duty of the county judge to order such election, and we know no reason why such order should not be entered on the minutes, especially since two of the commissioners are required to act on his failure so to do. Id. If there was error it was immaterial, for the election was a general election for all officers, and the court could have taken judicial notice of that fact. Rev. Stats., arts. 1659, 1679, 1760 ; Gallagher's case, 10 Texas Crim. App., 471.

3. Appellant insists that the testimony is insufficient to authorize a conviction. Now, it may be true, as stated by appellant, that he was convicted on the evidence of a negro, who made contradictory statements, and was contradicted by appellant himself; but that was a question for the jury, and they decided adversely to appellant. The jury are the judges of the credibility of the witnesses.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.